MARY L. BOWLER

*vs.*

JOHN B. MERRILL, ADM'R, ESTATE OF LAURA A. MERRILL.

Knox.  Opinion May 21, 1930.

*Frank H. Ingraham,* for plaintiff.
*John B. Merrill,* for defendant.

SITTING: DUNN, STURGIS, BARNES, FARRINGTON, JJ., PHILBROOK, A. R. J.

BARNES, J.   Defendant as administrator of the estate of Laura A. Merrill, is sued in assumpsit on the ground that in her lifetime, and while serving as administratrix of the estate of her husband, Alanson J. Merrill, said Laura A. Merrill made a promise in writing, for a consideration, to pay to plaintiff the sum of one thousand dollars.

After hearing, at the September Term, 1929, without jury, and with right of exceptions reserved, judgment was rendered for the defendant.

Two exceptions were taken to rulings on the admissibility of evidence and an exception to the finding of the justice presiding.

A letter of Laura A. Merrill, under date of February 24, 1919, was offered by plaintiff and admitted.

Thereafterward plaintiff offered an envelope, bearing postmark "Feb. 25, 1923," with the purpose of proving that the date "1919" in the letter admitted was incorrect, and that the letter admitted was written in the year 1923.

Counsel then called the plaintiff "to connect the envelope . . . and the original letter of Laura A. Merrill."

Defendant, who had not testified, and who did not testify in the case, relying on Chap. 87, Sec. 117, R. S., objected to the appearance of plaintiff as a witness. The objection was sustained, and the first exception was noted to this ruling.

This exception raises the issue whether or no a portion of the letter of Laura A. Merrill is her memorandum, so as to give plaintiff the right to testify, under Par. IV of said Sec. 117.

Laura A. Merrill died August 22, 1926. If the letter was written on the date at its head, it was written more than six years before steps were taken to enforce what is claimed to be an actionable promise to pay, and, on the contrary, if it were written the day before the date postmarked on the envelope the statute of limitations would not have run against such promise, if any.

The letter is quoted in full, below, and as to the excerpt, "You have my husband's receipt it will be honored never fear," we hold it to be not a memorandum of any promise to pay, on Laura A. Merrill's part, and not such a memorandum as to justify the acceptance of the plaintiff as a witness.

So the first exception fails. Plaintiff's counsel offered three letters and two envelopes, the letters written and envelopes addressed by John B. Merrill, before the death of Laura A. Merrill. Objection was made to their admission, and they were excluded, perhaps because plainly hearsay testimony. Plaintiff takes nothing by this exception.

The last exception presents the question whether or not rendering judgment for the defendant was error in law.

That a determination of this question may be intelligible, a somewhat extended history of the transactions of plaintiff with the late A. J. Merrill, and of the doings and correspondence of plaintiff and Laura A. Merrill is necessary.

Plaintiff, who is addressed by Laura A. Merrill as "Cousin Mary," in 1906 had $1,000 in the hands of A. J. Merrill, for investment.

A conversation, in writing, but without date, between A. J. Merrill and plaintiff is an exhibit in the case, wherein Mr. Merrill proposed to purchase a $1,000 bond for plaintiff, to be paid for with $500 of her cash in his hands and $500 which she was to draw from her savings bank account. He recommended this purchase because such a bond as he proposed to buy would return a greater sum in interest than savings banks were paying.

Mr. Merrill's receipt for the money is part of the documentary evidence and is as follows:

"Rockland, Maine, Jan. 25, 1906. This will certify that I have this day received from Mary L. Bowler one thousand dollars for investment for her ($1000) . . . Five hundred dollars of this amount she received from the estate of James Bryant and five hundred dollars she drew from her Savings Bank account. Her full account now stands as follows:

$1851.11   Rockland Savings Bank
 1000.00   Bond deposited in Rockland Savings Bank
 1000.00   in hands of A. J. Merrill for investment

$3851.11

(Signed) A. J. Merrill."

In 1917 Mr. A. J. Merrill died, and Laura A. Merrill qualified as administratrix of his estate in that year.

The evidence in the record is wholly documentary, and one of the most important exhibits is the letter of Mrs. Merrill to the plaintiff above referred to. It is here set out in full:

18 Jefferson Street
Bangor, Maine.
February 24, 1919.

Dear Cousin Mary

A few days after my husband's death — who died suddenly leaving no word as to his affairs — I opened in the presence of my children his Safety Deposit Box. No one but myself could do so. We did not find there any bond of his own or of yours. In October, 1919, received a letter from you asking for $150. Thinking in the meanwhile the bonds might be returned from some bank having them in keeping a check was sent you for $150 as you asked instead of $50 as you claim in your letter.

My home mortgaged and must be sold within the year as there was no money.

All I am enabled to do for you at present is a check for $100 or until my home is sold.

I am sorry to disappoint you Mary. I am hoping you may find the bonds where your money is in Rockland.

You have my husband's receipt it will be honored, never fear.

When the river opens one of my sons will I think go to Rockland and see you. I am sorry you are changing your beautiful home at Ingraham Hill where property for summer homes is growing in value, for the Highlands where it is not.

Kindly remember me to Albert.

Yours sincerely,
(Signed) Laura A. Merrill.

The record shows that if plaintiff had any claim against A. J. Merrill arising from the transaction in which he gave his receipt in 1906, she could not endorse the same because of the Statute of Limitations. And, from the record again, she did not file in the Probate Court a claim against his estate.

Within the time limited by law for filing of claims against estates of persons deceased, she filed with the Register of Probate what she thought sufficient as a claim against the estate of Laura A. Merrill. If it be a "claim," as recognized in law, it is against one for having promised to pay the debt of another.

Such promises, to establish right of action, or some memorandum or note thereof, must be in writing, must be signed by the party to be charged therewith, or by some person thereunto lawfully authorized, and must be for a consideration. *Davis* v. *French*, 20 Me., 21; *Walker* v. *Patterson*, 36 Me., 273; *Gilbert* v. *Wilbur*, 105 Me., 74.

It is contended that the consideration for a valid promise in this case was forbearance to bring suit against the A. J. Merrill estate. "But a mere forbearance is not sufficient, even though produced by such signing. There must be a distinct and valid contract binding on the plaintiff not to sue." *Lambert* v. *Clewly*, 80 Me., 480.

"To constitute a legal contract to forbear there must be a valid promise to do so, so that for some time, the holder of the debt has no right to maintain an action for it." *Smith* v. *Bibber*, 82 Me., 34.

If therefore the expression in Laura A. Merrill's letter is construed as a promise, no action can be prosecuted thereon, because no consideration is proven. And it fails to meet the tests applied in *Porter* v. *Hill*, 4 Me., 41; *Oakes* v. *Mitchell*, 15 Me., 360; *Stuart* v. *Campbell*, 58 Me., 439, 443; *Gray* v. *Day*, 109 Me., 492, 496; *Shaw* v. *Bubier*, 119 Me., 83.

But this expression may be construed as mere assurance that if the husband's estate can be lawfully called upon to pay, the plaintiff's wish will be complied with. To the Court this seems the reasonable construction to put upon it.

If it were otherwise and the letter be interpreted to contain a promise to pay, it may be successfully argued that the action must fail, because of the Statute of Limitations, pleaded in defense.

Decisions must stand upon evidence, if to stand at all.

This record presents nothing to show that during the eleven years between dates of A. J. Merrill's receipt and his death he paid or did not pay any part of the thousand dollars to plaintiff.

On this showing the court is forced to hold that in 1919 there was no debt collectible from the A. J. Merrill estate by plaintiff.

So there was no debt of her husband that Mrs. Merrill's letter would bind her to pay.

Litigation might have been begun, within the period provided, against the estate of A. J. Merrill.

The right was lost: collection of the debt is effectually stopped

by the statute bar. The reason therefor is well expressed in *Wadleigh* v. *Jordan*, 74 Me., 483, where the court say, "We think it better that a careless creditor who suffers his claim to become thus barred should occasionally suffer a loss than it would be to open so wide a door for the plunder of dead men's estates."

We find no error in the decision of the presiding Justice.

*Exceptions overruled.*